IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

CHRISTIAN RUSSELL,

               Plaintiff,

     v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

               Defendant.

Case No.: 2:14-CV-01908-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

      Christian Russell ("plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Based on a careful review of the record, the Commissioner's decision should be affirmed and this case should be dismissed.

### *Procedural Background*

      Plaintiff filed his most recent SSI application on May 3, 2011, alleging disability as of that

Page 1 - FINDINGS AND RECOMMENDATION

date due to Crohn's disease, esophagitis, hiatal hernia, and asthma.[1]   (Tr. 14, 178-90.)   His

application was denied initially and upon reconsideration.  (Tr. 85-88, 95-96.)  A hearing was held

on April 12, 2013, before an Administrative Law Judge ("ALJ"); plaintiff was represented by

counsel and testified, as did a medical expert ("ME") and vocational expert ("VE").  (Tr. 29-56.)

On June 18, 2013, the ALJ issued a decision finding plaintiff not disabled. (Tr. 14-23.)  Plaintiff

timely requested review of the ALJ's decision and, after the Appeals Council denied his request for

review, filed a complaint in this Court.  (Tr. 1-6.)

### Factual Background

Born on January 4, 1970, plaintiff was 41 years old on the alleged onset date of disability and

43 years old at the time of the hearing. (Tr. 22, 205.) He completed the eleventh grade and worked

previously as a kitchen helper, gas station attendant, feed bagger, grinder, trailer assembler, and

forklift operator. (Tr. 52, 214-15.)

### Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards

and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d

498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted).  The court must weigh

"both the evidence that supports and detracts from the [Commissioner's] conclusions."  *Martinez*

---

[1] Plaintiff has sought Social Security benefits numerous times over the past two decades, with his most recent denial occurring in March 2010.  (Tr. 58, 206-10.)  His current application initially alleged an onset date of June 2010; however, at the hearing he amended his alleged onset date to May 3, 2011.  (Tr. 31-32, 54, 205.)

Page 2 - FINDINGS AND RECOMMENDATION

*v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R.§ 416.920.  First, the Commissioner evaluates whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 416.920(b).

At step two, the Commissioner resolves whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R.§ 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the claimant meets or equals "one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 416.920(d).  If so, the claimant is presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner considers whether the claimant can still perform "past relevant work." *Id.*; 20 C.F.R.§ 416.920(f).  If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141.  At

Page 3 - FINDINGS AND RECOMMENDATION

step five, the Commissioner must establish that the claimant can perform other work existing in

significant numbers in the national or local economy. *Id.* at 142; 20 C.F.R. § 416.920(g). If the

Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.966.

### *The ALJ's Findings*

At step one of the five-step process outlined above, the ALJ found that plaintiff had not

engaged in substantial gainful activity since the alleged onset date. (Tr. 16.) At step two, the ALJ

determined that plaintiff had the following severe impairments: "Crohn's disease; esophagitis; hiatal

hernia; and asthma." (*Id.*) At step three, the ALJ found that plaintiff's impairments, either singly

or in combination, did not meet or equal the requirements of a listed impairment. (Tr. 17.)

Accordingly, the ALJ continued the sequential evaluation process to determine how

plaintiff's medical limitations affected his ability to work. The ALJ resolved that plaintiff had the

residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 416.967(b),

except that:

> he can no more than occasionally balance, stoop, kneel, crouch, crawl, climb stairs
> and ramps, or climb ladders, ropes, or scaffolds; he should avoid exposure to all
> pulmonary irritants and avoid exposure to hazards; [and] he requires ready access to
> a restroom facility.

(*Id.*) At step four, the ALJ concluded that plaintiff could not perform his past relevant work. (Tr.

21.) At step five, the ALJ found, based on the VE's testimony, that plaintiff could perform a

significant number of jobs existing in the national and local economy despite his impairments, such

as products assembler, hand packager, and retail clerk. (Tr. 22.) Therefore, the ALJ determined that

plaintiff was not disabled within the meaning of the Act. (Tr. 23.)

\ \ \ \ \

### *Discussion*

Plaintiff argues that the ALJ formulated an incomplete RFC, such that the step five finding was invalid, by failing to specify the amount of time needed for restroom use and "rel[ying] on no medical authority" in contravention of SSR 96-8p. (Pl.'s Opening Br. 6-10.)

The RFC is the maximum a claimant can do despite his limitations. 20 C.F.R. § 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, *available at* 1996 WL 374184. The ALJ is responsible for resolving ambiguities in the record and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also Davis v. Astrue*, Case No. 1:10-CV-01452-CL, 2012 WL 4005553, *9 (D. Or. June 12), *adopted by* 2012 WL 3614310 (D. Or. Aug. 21, 2012) ("it is the responsibility of the ALJ, not the claimant's physician, to determine [the RFC] and the ALJ's findings of RFC need not correspond precisely to any physician's findings") (citations and internal quotations omitted). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F3d 1157, 1163-65 (9th Cir. 2001).

As a preliminary matter, plaintiff mis-characterizes the record on appeal in two key respects. First, the record before the court plainly contravenes plaintiff's contention "that the ALJ side-stepped addressing [his] statements regarding the amount of time he is in the restroom." (Pl.'s Opening Br. 8.) Plaintiff testified at the hearing that he is unable to work primarily due to "the bathroom trips throughout the day," explaining that he uses the restroom "about every hour" for "[l]ike ten to 20

Page 5 - FINDINGS AND RECOMMENDATION

minutes." (Tr. 41.)  The ALJ expressly found that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but his statements regarding the extent of these symptoms were "not entirely credible" due to his activities of daily living, failure to report symptoms to his medical providers, inconsistent statements, and history of conservative treatment, as well as the lack of corroborating medical evidence. (Tr. 18-21.)  Specifically, the ALJ discussed how plaintiff's ability to fold laundry, wash dishes, occasionally cook, drive his girlfriend's daughter to and from school, shop for groceries, pay bills, be independent in his self-care, socialize regularly with family and friends, play games and watch television, and go camping and fishing once or twice per year belied his hearing testimony.  (Tr. 18, 21, 234-41, 264-71); *see also Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (daily activities may be used to discredit a claimant where they either "are transferable to a work setting" or "contradict claims of a totally debilitating impairment").[2]

Moreover, an independent review of the record confirms the ALJ's determination that plaintiff failed to report frequent and/or prolonged restroom use to his treatment providers.  For instance, in November 2010 plaintiff disclosed to Susan Rice, M.D., that his bowel movements were "absolutely normal and occur once per day."  (Tr. 421.)  In February 2011, Dr. Rice described plaintiff's Crohn's disease as "under good control" in light of his test results, including "a recent EGD and colonoscopy."  (Tr. 419.)  As such, Dr. Rice denoted that plaintiff's abdominal symptoms

---

[2] While plaintiff does not directly and specifically challenge the ALJ's credibility finding, the court finds that the ALJ provided specific, clear and convincing reasons, supported by substantial evidence, for rejecting his subjective symptom statements. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief") (citation and internal quotations omitted).  As a result, this court need not discuss all of the reasons provided by the ALJ because at least one legally sufficient reason exists. *Id.* at 1162-63.

"may be related to [his overuse] of narcotics,"as opposed to any underlying medical condition.  (Tr. 419, 421-22); (*see also* Tr. 343, 378, 401, 564, 577-80 (evidence of plaintiff's narcotic and other drug use).)  Between July 2011 and January 2012, plaintiff had no complaints of diarrhea or bowel problems. (Tr. 539-40, 547-52, 564-74.)  In July 2012, plaintiff again denied nausea, vomiting, and diarrhea.  (Tr. 578).  In sum, with the exception of two instances in which he endorsed diarrhea, plaintiff regularly denied the existence of any symptoms that would be indicative of frequent and/or prolonged restroom usage immediately prior to and during the relevant time period.[3] (Tr. 299, 408, 536-37, 539-40, 547-58, 562-89); *see also Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (an ALJ may consider a claimant's failure to report symptoms in making an adverse credibility finding).

Second, contrary to plaintiff's assertion, the ALJ's RFC determination explicitly included an analysis of the significant and probative medical evidence of record in accordance with SSR 96-8p. (Tr. 17-21.)  Namely, the ALJ discussed objective test results obtained from examinations, endoscopies, colonoscopies, etc. (Tr. 19-20.)  In addition, the ALJ weighed and assessed medical reports from plaintiff's treating providers, including Gurmant Singh, M.D., and Dr. Rice; the state agency consulting sources, Mary Ann Westfall, M.D., and Sharon Eder, M.D.; and the ME, William Spence, M.D. (*Id.*)

Concerning the latter, Dr. Spence provided the most thorough opinion regarding plaintiff's functioning, testifying at the April 2013 hearing that he had received and reviewed the entire medical

---

[3] Although plaintiff disclosed nausea and/or vomiting on a more regular basis, especially before the alleged onset date of disability, these symptoms did not result in persistent restroom usage per his own self-reports, as they typically occurred immediately upon waking and not on a daily basis. (Tr. 44, 421, 424, 428, 435.)

record. (Tr. 33-40.) Dr. Spence summarized the relevant portions, noting plaintiff's infrequent complaints of symptoms that could be associated with significant bowel disease and largely benign test results; he also provided a RFC assessment, which the ALJ adopted. (Tr. 17, 20, 36-40, 52-53.) Significantly, Dr. Spence did not list the need for hourly or prolonged bathroom access as a concrete, work-related limitation of function, despite specifically acknowledging plaintiff's Crohn's disease diagnosis and corresponding treatment records. (Tr. 40.) Plaintiff's attorney was afforded an opportunity to cross-examine Dr. Spence but declined to ask any questions, commenting only that the doctor's testimony was "very complete." (*Id.*)

To the extent plaintiff suggests that the ALJ should have developed the record more fully in regard to the frequency of his need to use the restroom, his argument is unavailing. (Pl.'s Opening Br. 9-10.) The claimant bears the burden of proving the existence or extent of an impairment, such that the ALJ's limited "duty to further develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). In this case, plaintiff simply neglected to furnish any credible evidence substantiating his claimed limitations, despite being afforded the chance to solicit such evidence from the ME at the hearing. That plaintiff neglected to carry his burden of proof does not equate to an ambiguity or inadequacy in the record, such that the ALJ's decision should be affirmed as to this issue.

Thus, there is no medical evidence of record establishing that plaintiff experienced disruption due to frequent and/or prolonged restroom usage to a degree that would preclude gainful employment. (*See* Pl's Opening Br. 9 (recognizing that "[n]o physician addressed how much time [plaintiff's] restroom access would disrupt his ability to work")); (*see also* Tr. 536-84 (medical

records from the adjudication period, in which no medical source opined that plaintiff is disabled or otherwise in need of hourly restroom access, despite the fact that plaintiff informed his providers that he was seeking disability and brought in paperwork for them to complete).)  Indeed, outside of his subjective symptom statements at the hearing, plaintiff does not identify any evidence that relates to the frequency of his bathroom usage.  (*See generally* Pl.'s Opening Br.); *see also McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) (as amended) (the claimant bears the burden of establishing how an alleged error is harmful).  For these reasons, the ALJ's RFC and step five finding should be affirmed.

### Recommendation

Based on the foregoing discussion, the Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due no later than fourteen days after the date this Findings and Recommendation is filed.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

Page 9 - FINDINGS AND RECOMMENDATION

a response within fourteen days after the date the objections are filed.  Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this _____ day of February 2016.

_____
JOHN V. ACOSTA
United States Magistrate Judge